DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants Jarrod Blankenship, Virgil Blankenship, and Sharon Blankenship, appeal from a summary judgment decision rendered against them on their complaint for underinsured motorist (UIM) coverage. Appellants argue that the Pike County Court of Common Pleas erred in granting Defendant-Appellee Travelers Insurance Company's motion for summary judgment on the issue of coverage. For the following reasons, we affirm the decision of the trial court.
 I. Proceedings Below {¶ 2} The facts pertinent to this appeal are not in dispute. On February 7, 1997, Plaintiff-Appellant Jarrod Blankenship, seventeen years old at the time, was standing in the parking lot of Bartley's Pharmacy in Waverly, Ohio. Doreen H. Jackson, the tortfeasor, negligently drove her auto forward and collided into a vehicle owned by Marty L. Horsley. This collision caused Mr. Horsley's vehicle to collide with Jarrod. As a result of the collision, Jarrod suffered serious personal injuries that rendered him disabled.
 {¶ 3} On May 14, 1999, Jarrod, then an adult, executed a full general release in exchange for payment of $50,000 from Westfield Insurance Company, the insurer for Mr. Horsley. The release discharged Mr. Horsley and all other persons, firms or corporations who are or might be liable, of and from all claims arising out of the accident. Thereafter, appellants dismissed with prejudice the case entitled JarrodBlankenship, et al. v. State Auto Mut. Ins. Co., et al., Pike C.P. No. 5-CIV-98.
 {¶ 4} At the time of the accident, Jarrod's father, Plaintiff-Appellant Virgil Blankenship, was employed by the Mead Corporation (Mead). Defendant-Appellee Travelers Insurance Company (Travelers) insured Mead under two separate insurance policies: 1) a commercial general liability (CGL) policy, and 2) a commercial auto policy. On February 21, 2001, appellants filed a complaint in the Pike County Court of Common Pleas against Travelers alleging that they were entitled to UIM benefits under both policies issued to Mead. Specifically, appellants alleged that Virgil, as an employee of Mead, was an "insured" under Mead's commercial auto policy pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116, and that coverage extends to Jarrod pursuant to Ezawa v. Yasuda Fire Marine Ins. Co. of Am.,86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142. Appellants further alleged that UIM coverage existed under the CGL policy by operation of law.
 {¶ 5} Both parties filed motions for summary judgment. The lower court found that no genuine issue of material fact existed. The court granted Travelers' motion for summary judgment, finding that Jarrod, by executing the general release of all persons from liability arising out of the accident, had violated a condition precedent to coverage under the policy. From the lower court's cryptic entry, we can only surmise that Jarrod violated the "subrogation clause," mandating that when a claim arises, the insured must do everything necessary to secure Travelers' rights and must do nothing after an accident or loss to impair those rights. Apparently, the trial court found that Jarrod's release of one of the tortfeasors and their insurance provider, Westfield, impaired the rights of Travelers, and thus, barred any coverage that may exist under the policy.
 II. The Appeal {¶ 6} Appellants timely filed this appeal assigning as error the following:
 {¶ 7} "The trial court erred in granting Travelers' motion for summary judgment."
 {¶ 8} Appellants' single assignment of error is a cornucopia of contention that UIM coverage exists under both the CGL policy and the commercial auto policy issued by Travelers to Mead, Jarrod's father's employer. As it pertains to the CGL policy, appellants propound the following argument. Appellants argue that the CGL policy is a motor vehicle liability policy. As such, appellants argue, Travelers was mandated by R.C. 3937.18(A) to offer to Mead UIM coverage under the policy. Since Travelers conceded that it did not offer UIM coverage, appellants conclude that UIM coverage arises by operation of law. In contra, Travelers argues that the CGL policy was not a motor vehicle liability policy subject to the mandatory offering of UIM coverage as contemplated by R.C. 3937.18(A).
 {¶ 9} As for the commercial auto policy, appellants argue that UIM coverage exists by operation of law. Appellants contend that Mead's signed rejection of UIM coverage did not satisfy the offer requirements set forth in Linko v. Indemn. Co. of N. Am., 90 Ohio St.3d 445,2000-Ohio-92, 739 N.E.2d 338. Appellants posit that the failure to make a meaningful offer of UIM coverage as mandated by R.C. 3937.18(A) invalidates Mead's rejection of coverage. Therefore, appellants conclude that UIM coverage arises by operation of law in the amount of the coverage for liability under the policy. Appellants argue that since Virgil is an "insured" under the liability portion of that policy due to a Scott-Pontzer ambiguity in the definition of "Who is an insured," then Virgil would be "insured" for UIM coverage that arises by operation of law. Accordingly, appellants contend, coverage extends to Jarrod, as Virgil's son, via Ezawa. Travelers, however, advances several theories that would defeat coverage: 1) that Jarrod is excluded from coverage because he breached the notice and subrogation clauses of its policy, which are conditions precedent to coverage; 2) that appellants' right to UIM coverage is statutorily linked to the present right to recover from the tortfeasor, and since their right to recover against the tortfeasor has been extinguished, appellants are not entitled to UIM coverage; 3) that Mead executed a valid rejection of UIM coverage; therefore, no UIM coverage exists; 4) that Jarrod was not occupying a covered auto at the time of the accident; therefore, he is not entitled to coverage; 5) that any coverage that arises by operation of law would include Virgil as an employee but would not extend to Virgil's family members; and 6) that any claim made under the policy is subject to the $2,000,000 deductible endorsement.
 {¶ 10} For the sake of brevity and clarity, we will only address those arguments necessary to resolve the issue before us. We find that the policies in question fail to provide coverage for Jarrod, as he is not insured under either policy. Therefore, we affirm the decision of the lower court on different grounds.
 A. Summary Judgment {¶ 11} Summary judgment is appropriate when there is no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. See Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687, 653 N.E.2d 1196.
 {¶ 12} We conduct a de novo review of the trial court's decision to grant a motion for summary judgment. See Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, we apply the same standard, and review the same evidence, as the trial court. See Smiddyv. Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Moreover, it is well settled that the party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See Dresherv. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.
 B. Threshold Issue — Was Jarrod an Insured? {¶ 13} It is axiomatic in insurance law that coverage under an insurance contract extends only to "insureds" under the policy. In any dispute concerning coverage under an insurance contract, whether the party claiming coverage under the policy is an "insured" is of primary import. If the party is found not to be an "insured" under the policy, that party cannot claim that coverage extends to them. However, where the party is found to be an "insured" under the policy, coverage will extend to them barring any other applicable condition or exclusion. See, generally, Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,662-663, 1999-Ohio-292, 710 N.E.2d 1116. A fortiori, qualifying as an insured is a precondition to coverage under a policy for insurance.
 {¶ 14} Therefore, before entertaining the arguments concerning whether UIM coverage arose by operation of law under either policy, it is necessary to determine at the outset whether Jarrod was an insured under both the CGL policy and the commercial auto policy. See Scott-Pontzer, supra.
 {¶ 15} At the outset, we note that express conditions and exclusions that operate to limit coverage in an underlying policy do not apply to UIM coverage that arises by operation of law. See Scott-Pontzer, supra; Szekeres v. State Farm Fire and Cas. Co., 5th Dist. No. 02CA00004, 2002-Ohio-5989, at ¶ 91. The rationale behind this rule is that the parties to the insurance contract, who negotiated the exclusions and conditions, could not have contemplated those restrictions to apply to coverage that arises by operation of law. See Szekeres v.State Farm Fire and Cas. Co., 5th Dist. No. 02CA00004, 2002-Ohio-5989, at ¶ 92.
 {¶ 16} However, this rule does not apply to preconditions to coverage. See Luckenbill v. Midwestern Indemn. Co. (2001),142 Ohio App.3d 501, 506-507, 758 N.E.2d 301. Parties to an insurance contract can negotiate conditions precedent that would apply to all coverages provided under a policy, including those that arise by operation of law. See Heiney v. The Hartford, 10th Dist. No. 01AP-1100, 2002-Ohio-3718. Therefore, UIM coverage that arises by operation of law can only extend coverage to those persons already insured under the policy.
 {¶ 17} Thus, even if the definition of "who is an insured" in a policy is determined to be ambiguous because of Scott-Pontzer, the court held that coverage is limited to the employees of the named insured, as those employees qualified as insureds in the policy's definition.Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d at 664,1999-Ohio-292, 710 N.E.2d 1116. This is why, in Scott-Pontzer, the Supreme Court of Ohio made the determination of whether Pontzer was "insured" under the policy a threshold determination: "[i]f we find Pontzer was not an insured under the policies, then our inquiry is at an end." Id. at 663, 1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 18} Therefore, the starting point for any court's analysis into whether coverage exists under an insurance policy is to determine whether the person seeking coverage qualifies as an "insured," either under the policy's definition or by some court mandated ambiguity in that definition.
 1. The CGL Policy {¶ 19} The definition of "Who is an Insured" under the CGL policy is contained in "SECTION II" of the CGL coverage form:
 {¶ 20} "WHO IS AN INSURED"
 {¶ 21} "1. If you are designated in the Declarations as:
 {¶ 22} "a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are an owner.
 {¶ 23} "b. A partnership or joint venture, you are an insured. Your members, partners, and their spouses are also insureds, but only with respect to the conduct of your business.
 {¶ 24} "c. An organization other than a partnership or joint venture, you are an insured. Your `executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
 {¶ 25} "2. Each of the following is also an insured:
 {¶ 26} "a. Your `employees,' other than your `executive officers,' but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. * * *."
 {¶ 27} The "COMMON POLICY DECLARATIONS" list the named insured as The Mead Corporation. For purposes of determining who is an insured, then, the corresponding definition would be "1.c.", as the Mead Corporation does not qualify under either "1.a." or "1.b."
 {¶ 28} The definition of who is an insured under "1.c." states that if you are a corporation, "you are an insured." The definition goes on to include officers, directors, and stockholders in their official capacities. Moreover, the definition explicitly includes employees acting within the scope of employment. There is no question, then, that Virgil, as a Mead employee, is insured under the policy when acting in the scope of his employment. See Szekeres, supra.
 {¶ 29} If we were to find UIM coverage under that policy by operation of law, it is possible, then, that such UIM coverage would be applied to Virgil for injuries he sustained in the scope of his duties due to an underinsured tortfeasor. However, under no interpretation of the policy's definition of insured can we find that Jarrod qualifies as an insured.
 {¶ 30} Appellants cite to Ezawa v. Yasuda Fire Marine Ins.Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142, in support of the assertion that the Scott-Pontzer ambiguity extends coverage to the family members of employees, i.e., Jarrod. We find that appellants' reliance on Ezawa is misguided.
 {¶ 31} In both Scott-Pontzer and Ezawa, the insurance policies at issue defined "WHO IS AN INSURED" as:
 {¶ 32} "1. You."
 {¶ 33} "2. If you are an individual, any `family member.'" SeeScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d at 663,1999-Ohio-292, 710 N.E.2d 1116; Ezawa v. Yasuda Fire Marine Ins.Co. of Am. (June 30, 1998), 10th Dist. No. 97APE10-1343, reversed,86 Ohio St.3d 557, 1999-Ohio-142, 715 N.E.2d 1142.
 {¶ 34} Therefore, in a one-line per curiam decision, the Supreme Court of Ohio, in Ezawa, extended the Scott-Pontzer rule to provide coverage for an employee's minor son where the UIM coverage endorsement contained the same "you" and "family member" language in its definition of who is an insured. See Ezawa v. Yasuda Fire Marine Ins. Co. ofAm., 86 Ohio St.3d 557, 1999-Ohio-142, 715 N.E.2d 1142. Without an explanation for extending coverage to the employee's family members other than citing to Scott-Pontzer, "it is reasonable to assume that the [Supreme Court of Ohio] determined that because employees are insureds under the policy, the employee's family members are also insureds because of the `family member' language contained in the policy definition of insureds." Ogg v. Natl. Union Fire Ins. Co. of Pittsburgh, PA,151 Ohio App.3d 316, 2002-Ohio-6970, 784 N.E.2d 115. See, also, PersonalService Ins. Co. v. Werstler, 5th Dist. Nos. 2002CA00232, 2002CA00250, 2003-Ohio-932 (holding that the decision in Ezawa was based upon actual terms and provisions of the UIM endorsement to the employer's policy);Szekeres v. State Farm Fire and Cas. Co., supra; Walton v. ContinentalCas. Co., 5th Dist. No. 02CA002, 2002-Ohio-3831. What Ezawa did not do, however, is read family members of the employee into the definition of "insured" every time a Scott-Pontzer ambiguity exists. See Ogg, Werstler, Szekeres, and Walton, supra.
 {¶ 35} The policy language in the case sub judice is unlike that of Scott-Pontzer or Ezawa. The definition of insured does not contain language that references "any family member." Therefore, while Virgil may be an insured under the policy, Jarrod is not. Assuming, arguendo, we found that UIM coverage arose by operation of law, Jarrod is not an insured under the CGL policy. We decline to extend the rationale ofScott-Pontzer and Ezawa to provide UIM coverage by operation of law to family members of employees of Mead under the Travelers CGL policy where the policy language does not include "family members" within the definition of "insured."
 2. The Commercial Auto Policy {¶ 36} Appellants contend that UIM coverage arises by operation of law under the commercial auto policy. Therefore, we will engage in a similar analysis initially to determine whether Jarrod is an insured under that policy.
 {¶ 37} The definition of insured for purposes of the commercial auto policy is contained in "SECTION II — LIABILITY COVERAGE." That section states:
 {¶ 38} "A. COVERAGE
 {¶ 39} "* * *
 {¶ 40} "1. WHO IS AN INSURED
 {¶ 41} "The following are `Insureds':
 {¶ 42} "a. You for any covered `auto.'
 {¶ 43} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow * * *."
 {¶ 44} As in the CGL policy, the commercial auto policy does not contain the "any family member" language which premised the rationale for extending coverage to the employee's family member in Ezawa. Once again, the Scott-Pontzer ambiguity would raise Virgil to the status of an insured. However, without language in the policy conferring that status on "any family member," we find that Jarrod is not an insured. Therefore, without embarking upon an analysis into whether coverage arises by operation of law, assuming, arguendo, that it does, Virgil would be an insured; however, Jarrod would not.
 {¶ 45} Appellants' assignment of error is overruled.
 III. Conclusion {¶ 46} Consequently, because Jarrod is not an insured under either policy, any UIM coverage that may arise by operation of law would not apply to him for injuries he sustained in the accident. Although our disposition of this question is for a different reason than that espoused by the trial court, the result is the same. Therefore, the trial court did not err in granting Travelers' motion for summary judgment and denying appellants' motion for summary judgment.
 {¶ 47} Accordingly, appellants' assignment of error is overruled, and the judgment of the Pike County Court of Common Pleas is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellants costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PIKE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J. Concur in Judgment Only.